# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**TIMOTHY XAVIER FIELDS**
**ADC #151707**                                                                                                    **PLAINTIFF**

V.                           NO. 4:24-cv-434-DPM-ERE

**S. BROWN,** *et al.*                                                                                              **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I.   Procedure for Filing Objections:

This Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Marshall can adopt this Recommendation without independently reviewing the record.

### II.  Background:

On May 13, 2024, *pro se* plaintiff Timothy Xavier Fields, a pre-trial detainee at the Pulaski County Detention Center ("Detention Center"), filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Fields' original complaint alleges that, on April 15, 2024, he was involved in a bus accident while being transported from the Detention Center to Circuit Court. As a result of the accident, he sustained

injuries to his back and elbow. Mr. Fields complains that Detention Center staff have failed to provide him medical attention. Mr. Fields names S. Brown, J. Miller, E. Hester, and Eric Higgins as Defendants and sues these Defendants in both their individual and official capacity seeking monetary and injunctive relief.

On May 15, 2024, the Court entered an Order explaining to Mr. Fields the problems with his complaint and giving him the opportunity to amend. *Doc. 4*.

On May 28, 2024, Mr. Fields filed an amended complaint. *Doc. 5*. In his amended complaint, Mr. Fields sues only Transport Officer S. Brown in her personal capacity. Mr. Fields does not state what relief he is seeking.[1]

For the reasons explained below, Mr. Fields' claims should be dismissed based on his failure to state a plausible constitutional claim for relief.

### III. Discussion:

####    A.    Screening

Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally

---

[1] Because Mr. Fields did not name Defendants J. Miller, E. Hester, or Eric Higgins as Defendants in his amended complaint, he has abandoned his claims against them, as well as any medical deliberate indifference claims raised in his original complaint. See *In re Atlas Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (an amended complaint supersedes an original complaint and renders the original complaint without legal effect); *Doc. 4 at 5*.

frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### B.   Negligent Conduct

In his amended complaint, Mr. Fields explains that Transport Officer Brown hit a parked car while leaving "Pulaski County." *Id. at 4*. He states that, because he was handcuffed and the transport bus lacked seatbelts, Mr. Fields could not protect himself and he slammed into the metal seat in front of him. He alleges that Defendant Brown "neglected to follow policy." *Id*. In his amended complaint, Mr. Fields does not allege that he suffered any injury as a result of the incident.

At most, Mr. Fields alleges facts that rise to the level of negligence, which is not actionable under 42 U.S.C. § 1983. A § 1983 action must be premised upon a violation of the United States Constitution or a federal statute. See *Johnson v. Leonard*, 929 F.3d 569, 575 (8th Cir. 2019) (explaining that deliberate indifference is more than negligence or gross negligence and requires culpability akin to criminal recklessness); *Crow v. Montgomery*, 403 F.3d 598, 602 (8th Cir. 2005) (explaining that intentional conduct, rather than negligence, is required to sustain a § 1983 claim).

Accordingly, Mr. Fields has failed to allege facts stating a plausible constitutional claim for relief.[2]

### C. Violation of Detention Center Policy

To the extent that Mr. Fields alleges that his constitutional rights were violated by Transport Officer Brown's failure to follow Pulaski County procedures, this claim also fails. The law is settled that failing to follow prison policies or procedures is not conduct that rises to the level of a constitutional claim. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Fields' claims be DISMISSED, without prejudice, for failure to state a plausible constitutional claim for relief.

2. The Clerk be instructed to close this case.

---

[2] Mr. Fields is free to pursue state law claims of negligence in an Arkansas state court. His pleading does not clearly indicate an intent to also bring a state law claim for negligence in this action. However, since his federal claims are being dismissed, the Court should decline to exercise jurisdiction over any supplemental state law claims that Mr. Fields intended to bring. See 28 U.S.C. § 1367(c)(3) (a court may "decline to exercise supplemental jurisdiction over a claim ... [if] the district court has dismissed all claims over which it has original jurisdiction."); *Franklin v. Zain*, 152 F.3d 783, 786 (8th Cir. 1998) (holding district court, which had dismissed federal claims on which original jurisdiction was based, did not abuse its discretion in declining to exercise supplemental jurisdiction over pendent state law claim).

      3.      The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

      4.      In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

Dated 30 May 2024.

                                                               _____
                                                              UNITED STATES MAGISTRATE JUDGE